# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00466-CV

**Ken Paxton, in his Official Capacity as Attorney General of Texas, Appellant**

**v.**

**William McManus, in his Official Capacity as Chief of San Antonio Police Department; City of San Antonio; and Erik Walsh, in his Official Capacity as City Manager of City of San Antonio, Appellees**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY NO. D-1-GN-18-007133, THE HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court granted the appellees' motion for partial summary judgment, appellant filed a motion in the trial court requesting permission to file an interlocutory appeal. *See* Tex. R. Civ. P. 168 ("On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable . . . ."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(d) (specifying circumstances under which trial court can grant written permission to appeal otherwise unappealable order). The trial court clerk subsequently forwarded the motion to the Clerk of this Court and the matter was docketed as a petition for permission to appeal. Tex. Civ. Prac. & Rem. Code § 51.014(f) (stating that appellate court may accept appeal permitted by subsection (d) upon application for interlocutory appeal explaining why appeal is warranted under subsection (d)); *see* Tex. R. App. P. 28.3(a) (providing that when

trial court has permitted appeal from interlocutory order not otherwise appealable, "a party seeking to appeal must petition the court of appeals for permission to appeal").

Appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014. Because the granting of a partial motion for summary judgment is not a final judgment and because it was unclear whether permission to appeal had been granted by the trial court, this Court requested that appellant file a written response demonstrating this Court's jurisdiction over this appeal. *See Draper v. Guernsey*, No. 03-15-00741-CV, 2016 Tex. App. LEXIS, at *2 (Tex. App.—Austin Feb. 3, 2016, pet. denied) (mem. op.) (concluding that trial court order permitting "an appeal from an order that is not otherwise appealable" "is a prerequisite to appellate jurisdiction" over permissive appeal).

In response, appellant informed this Court that he never intended to file a petition for permissive appeal in this Court. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f); Tex. R. App. P. 28.3 (a), (b). In addition, appellant acknowledges that the summary-judgment order is not an appealable interlocutory order and that the trial court has denied his motion for a permissive appeal. Because the appellant did not obtain the trial court's written permission to appeal, the appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

 

                                  _____

                                  Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   October 4, 2019